IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | *    Case No. 14-cr-0457-PWG |
| **RUSSELL JOHNSON** | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Russell Johnson's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 46. Mr. Johnson is 30 years old with a history of smoking and substance abuse. Mr. Johnson pleaded guilty to an offense of distribution of heroin in violation of 21 U.S.C. § 841(a)(1), Plea Agreement, ECF No. 22, and is currently incarcerated at Fort Dix serving a sentence of 132 months. Mr. Johnson filed a motion requesting the Court release him because of the "extraordinary and compelling" reasons of his vulnerability to COVID-19 due to his history of smoking. Def's Mot. ECF No. 46. I have reviewed all the materials[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons discussed below, Mr. Johnson's motion is DENIED.

**BACKGROUND**

On September 29, 2014 a federal grand jury for the District of Maryland returned an indictment charging Mr. Johnson with four counts related to possession and distribution of a controlled substance including Count 4, Distribution of Controlled Dangerous Substance with Death Resulting. Indictment, ECF No. 1. On April 21, 2015, Mr. Johnson pleaded guilty to a lesser offense necessarily included in Count 4, charging him with distribution of heroin in violation

---

[1] The motion is fully briefed. *See* ECF Nos. 43, 46, 52, 54, 56, and attached exhibits.

of 21 U.S.C. § 841(a)(1). Plea Agreement, ECF No. 22. Mr. Johnson was sentenced to 132 months imprisonment and three years of supervised release. Judgment, ECF No. 37. Mr. Johnson has a projected release date of May 9, 2022 subject to completing his BOP substance abuse treatment program "which seems absolutely necessary to the defendant's ability to succeed once he is released." Gov't Resp. 23, ECF No. 52. Mr. Johnson reported that he was scheduled to graduate from the program on September 17, 2021, and successfully completed the program early on August 20, 2021. Suppl. Reply, ECF No. 56; Suppl. Reply Exhibit 1, ECF 60.

Mr. Johnson is 30 years old and has a medical history of smoking tobacco and marijuana prior to his incarceration. Johnson Sealed Medical Records, ECF No. 48. On January 5, 2021, Mr. Johnson, while under BOP quarantine due to exposure, tested positive for COVID-19, and upon his release on January 16, 2021, he reported no COVID-19 symptoms. *Id.* A subsequent radiological chest exam ordered on February 3, 2021 found clear lungs and no acute cardiopulmonary disease. *Id.* Mr. Johnson refused to receive a COVID-19 vaccination on March 18, 2021, but later reported receiving his first dose of the Pfizer vaccine. *Id.*; Suppl. Reply, ECF No 56. The Government opposes Mr. Johnson's early release arguing that while Mr. Johnson has exhausted his administrative remedies, his medical history does not rise to the level of "extraordinary and compelling." Gov't Resp. 15, ECF No. 52. Further, the Government asserts that Mr. Johnson remains a danger to the community supported by both his history leading up to his incarceration and subsequent infractions while incarcerated, included possession of drugs or alcohol on August 9, 2020. *Id.* at 20.

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. High,* 997 F.3d 181, 185 (4th Cir. 2021). However, there is

an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Mr. Johnson requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.[2] The First Step Act permits a defendant to petition a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the Bureau of Prisons ("BOP") received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

I.   **Administrative Exhaustion**

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). This condition is satisfied. Mr. Johnson filed a request for reduction in sentence with the warden of FCI Fort Dix on November 13, 2020 and has not received a response. Def's Mot. 1-2, ECF No. 46. The Government agrees that Mr. Johnson has exhausted his administrative remedies, and that this Court has authority to rule on this motion. Gov't Response. 14, ECF No. 52.

---

[2]   The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the BOP. In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the Court to act on a motion for compassionate release filed by a defendant.

## II.     Extraordinary and Compelling Reasons

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has found that there is no applicable policy statement that governs a defendant's motion for compassionate release. *High*, 997 F.3d at 186 (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Additionally, I join with the majority of courts in finding that 18 U.S.C. § 3582(c)(1)(A)(i), as amended, grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, Criminal No. ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). As the Fourth Circuit observed, district courts have discretion to independently assess whether circumstances meet the extraordinary and compelling threshold. *McCoy*, 981 F.3d at 281-82. More specifically, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (citing *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). However, while not binding, the Sentencing Commission's policy statements may provide useful guidance. *Id.* at 279 (citing *United States v. Bryant*, Crim. No. 95-202-CCB-3, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020), *aff'd sub nom. United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020)).

The Sentencing Commission's policy statements in U.S.S.G. § 1B1.13 offer guidance here. Section 1B1.13 recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including the statement that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G § 1B1.13(2). The commentary to the policy statement provides four

examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C); *see also McCoy*, 981 F.3d at 280-81.

Mr. Johnson asserts that he is vulnerable to COVID-19 due to his history of heavy smoking. The Fourth Circuit has noted that "COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." *High*, 997 F.3d at 185. Thus, a petitioner can present an extraordinary and compelling reason related to COVID-19. *Id.* The district courts have discretion to determine how to resolve such motions. *Id.* Judges in this Court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where defendants have serious medical problems that placed them at high risk for complications if they contracted COVID-19. *See, e.g.*, *United States v. Jennings*, Case No. 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this Court and other courts, and the application to multiple serious conditions); *but see United States v. Taylor*, No. 17-cr-0268-PWG, 2020 WL 6322620 (D. Md. Oct. 28, 2020), *appeal dismissed*, No. 20-7632, 2021 WL 1784092 (4th Cir. Jan. 13, 2021) (finding that hypertension and high BMI were not sufficient to warrant prisoner's release when the spread of coronavirus in his BOP facility was under control, and prisoner did not show that he would not receive appropriate treatment at his BOP facility, or a nearby medical facility if he were to contract the virus).

Additionally, the judges of this Court have dealt with increased rates of COVID-19 inoculation differently. *Compare United States v. Gregory*, No. CR SAG-13-0034, 2021 WL 1909605, at *5 (D. Md. May 12, 2021) (concluding that the petitioner's COVID-19 vaccination

5

removed his pulmonary-related conditions from the category of risk constituting an "extraordinary and compelling reason"), *and United States of America v. Dion Alexander, Defendant*., No. CR RDB-16-364, 2021 WL 2661395, at *3 (D. Md. June 29, 2021) (taking into account falling COVID-19 infection figures and rising vaccinations when denying that petitioner had "extraordinary and compelling" reasons for release), *with United States v. Spriggs*, No. CR CCB-10-354, 2021 WL 1856667, at *3 (D. Md. May 10, 2021) (finding that petitioner's receipt of one vaccination shot did not greatly decrease the court's concern regarding his vulnerability to COVID-19 when he had underlying medical conditions and there are new variants of COVID-19). Therefore, this Court does take vaccination status into account when evaluating a motion for compassionate release.

Vaccines are effective at preventing COVID-19, but because effectiveness is not guaranteed and there are unknowns regarding the extent and duration of the vaccine's protection, there may still be concern for particular individuals' increased risk of severe illness, even if fully vaccinated. *See. Spriggs*, 2021 WL 1856667, at *2–3 (noting that "a vaccine does not negate that [the defendant's] underlying health conditions make him eligible"). It is impossible to predict the impact of the various COVID-19 vaccines on future strains of this virus, just as it is impossible to predict the impact of COVID-19 on Mr. Johnson's specific medical issues. Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

Here, Mr. Johnson's medical history is insufficient to meet the "extraordinary and compelling" circumstances within the context of COVID-19. Mr. Johnson's assertion of an increased risk of severe illness due to COVID-19 does not reach this threshold for two reasons.

First, smoking has been banned at all federal prison facilities and a discontinuance of smoking can reduce the associated health risks.  Gov't Resp. 17, ECF No. 52.  While the CDC acknowledges the risk of smoking history and active smoking for increased illness from COVID-19, smoking is a reversible condition and the CDC has also documented the associated health benefits that accrue over time for former smokers after quitting.[3]  Second, Mr. Johnson's own experience with COVID-19 and medical examination history does not support a finding that Mr. Johnson's asserted risk of severe illness rises to the level of "extraordinary and compelling."  Mr. Johnson contracted COVID-19 while incarcerated and "denied having any symptoms related to the disease," Gov't Resp. 15, ECF No. 52, and has since received an effective vaccination providing further protection against risk of severe illness from COVID-19, *see* Exhibit 1, ECF 57.  Mr. Johnson's age, health profile, and his previous exposure to and recovery from COVID-19 weigh against a finding of extraordinary and compelling reasons for release.

These concerns are further considered in the analysis of the sentencing factors.

### III. Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary but not sufficient condition for compassionate release.  This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).  Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid

---

[3] *See e.g.*, the CDC, *Benefits of Quitting*, https://www.cdc.gov/tobacco/quit_smoking/how_to_quit/benefits/index.htm (noting the immediate benefit to smokers of quitting smoking within 1-12 months "coughing and shortness of breath decrease"; that within 1-2 years after quitting the "[r]isk of heart attack drops sharply"; and that within 3-6 years the "[a]dded risk of coronary heart disease drops by half.)

unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a).

The Government asserts that Mr. Johnson remains a danger to the community. As Mr. Johnson's medical condition does not rise to "extraordinary and compelling," the Court need not weigh the sentencing factors. Mr. Johnson's sentence was fair and consistent with his negotiated plea agreement, and an early release would not reflect the severity of the charges originally indicted against him. However, the Court recognizes that Mr. Johnson and his family have acknowledged the benefit of the Residential Drug Abuse Program (RDAP), Def's Mot. 15, ECF No. 46, and that Mr. Johnson has subsequently completed the program in preparation for his eventual release, Suppl. Reply Exhibit 1, ECF 60.

Considering all the circumstances, I find that granting release at this time would be inconsistent with the sentencing factors set forth in § 3553(a)—it would not reflect the seriousness of the charges and subsequent consistent judgment and sentence.

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. Johnson faces. However, neither the medical history nor the circumstances of the sentence support an early release. Therefore, Mr. Johnson's motion for compassionate release is denied.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 22nd day of March 2022, hereby ORDERED that Defendant Russell Johnson's Motion for Compassionate Release, ECF Nos. 43, 46, is DENIED.

    /S/
Paul W. Grimm
United States District Judge